MARCO MILLING COMPANY, d/b/a Rosenthal Frozen Foods, et al., Appellants,

v.

COMMERCIAL SERVICES OF TEXAS, INC., Appellee.

No. 7326.

Court of Civil Appeals of Texas.

Texarkana.

April 18, 1961.

Rehearing Denied May 16, 1961.

**496**

Ben M. Gilbert, Robert D. Wilkes, Fort Worth, Carl Abramson of McDonald, Sanders, Nichols, Wynn & Ginsburg, Fort Worth, for appellants.

Don W. Davis, of Irion, Cain, Cocke & Magee, Dallas, for appellee.

CHADICK, Chief Justice.

This is a venue case. The judgment of the trial court overruling the defendant's several pleas of privilege is affirmed.

Commercial Services of Texas, Inc., the appellee, entered into a written contract labeled "Accounts Receivable Agreement" with Marco Milling Company, doing business as Rosenthal Frozen Foods, which organizations, together with Irving Rosenthal, Melvin Rosenthal, and Leon Brachman are appellants. The instrument describes the corporation as a factor, and Rosenthal Frozen Foods as a client. For brevity the appellee will frequently be referred to in this discussion as "Factor", and the appellants collectively as "Client". The last three named individuals became guarantors of the agreement by executing an instrument in which they agreed jointly and severally to guarantee the payment of all money to be paid and the performance of all things to be done by the client in accordance with the terms of the accounts receivable agreement.

The appellee, as plaintiff, sued the appellants, as defendants, in a District Court of Dallas County for $2,513.40, interest and attorney fees. Discussion of the controlling issues makes it necessary to notice only that portion of the pleadings pertinent to the question discussed. The plaintiff's petition made a general reference to certain obligations expressed in a paragraph of the contract which reads as follows:

"12. The Client warrants its solvency and should it receive any checks, drafts, notes, acceptances, other moneyed instruments or cash in payment of any of the receivables assigned to the Factor hereunder, such payment will immediately be turned over to the Factor in its original form. The Factor, or such persons as it may from time to time designate, shall have the right to endorse all such instruments in the Client's name or otherwise,"

and alleged the breach of such provision by the defendants. The defendants filed separate pleas of privilege to be sued in Tarrant, the County of their domicile. These pleas were controverted by the plaintiff, and venue for trial of the case in Dallas County was claimed under the provisions of Subdivision 5, Art. 1995, Vernon's Ann.Texas St.

Appellants' one point on appeal is that the written contract between the parties does not expressly obligate the appellants to perform the obligation sued upon in Dallas County. The 21st paragraph of the agreement is in this language:

"Inasmuch as the transactions hereunder will take place at Factor's office in Dallas, Texas, this agreement and all transactions, assignments and transfers hereunder, and all rights of the parties, shall be governed as to validity, construction, enforcement, and in all other respects by the laws of the State of Texas".

Appellants construe this paragraph as merely providing that the laws of the State of Texas shall apply in an interpretation of the contract or its subject matter. It is urged that it was not the purpose and intent of the language used to expressly designate a place of payment or performance of the obligations of the contract. And further, the appellants argue that payment is the essential obligation sought to be enforced by plaintiff's suit. Coupling such constructions of the contract and the pleadings, appellants conclude that no exception is shown to the general rule of venue at the domicile of the defendant.

By the initial clause reading "Inasmuch [1] as the transactions hereunder will take place at the Factor's office in Dallas, Texas," the parties were obviously recognizing and referring to an antecedent arrangement of some nature existing between them. They jointly refer to the antecedent arrangement to explain the reason for the agreement that follows regarding the applicability of Texas law in the construction, etc., of the contract. The language of the instrument is that of both parties, each speaking to the other. The arrangement acknowledged and referred to was necessarily an existing agreement, because the preceding paragraphs of the written contract disclose nothing that would require the transactions covered to be performed in Dallas, Texas, in the absence of an existing but unexpressed agreement to that effect. The language used implies that an agreement had theretofore been made by the parties, in essence, that the transactions performable under the contract would be performed in Dallas, Texas. This wording of the parties' intent indicates that performance in Dallas was so clearly within the contemplation of the parties that a more detailed expression of the whole of the agreement in that respect was not necessary. Such an implied agreement is as much a part of the written contract as though plainly written into it. Freeport Sulphur Company et al. v. American Sulphur Royalty Co. of Texas, 117 Tex. 439, 6 S.W.2d 1039, 60 A.L.R. 890.

Though it might have been stated with more precision, the original petition contains language susceptible of a construction that the essential obligation sought to be enforced is the recovery of the amount lost as the result of the failure of the Client to pay over to the Factor money collected by the Client upon accounts that the Client had assigned to the Factor. Any ambiguity or equivocation in the pleading must be resolved in favor of such construction, as no special exception or other objection was made to the pleading before judgment.

Subd. 5 of Art. 1995 reads as follows:

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

It is to be observed that Subd. 5 requires that the written contract expressly name the particular county where the contractual obligation is to be performed. See Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 in this regard. Paragraph 21 expressly names Dallas, Texas, which is judicially known to be in Dallas County, as the place of performance. The requirements of Subd. 5 are satisfied and control venue. See Petroleum Producers Co. v. Steffens et al., 139 Tex. 257, 162 S.W.2d 698.

■ The three appellants sued as guarantors, expressly obligated themselves to perform the contract according to its terms, and thereby adopted the implied provisions stipulating the place of performance. Tayloe v. Federal Land Bank of Houston, Tex. Civ.App., 120 S.W.2d 825; Pullen v. Car-

---

1. The Century Dictionary and Cyclopedia (1914 edition) Vol. IX, Page 5642 in a note on the synonymy of the words *Because, Since, As, Inasmuch as* and *For*, says: "Because (originally by cause) is strong and the most direct. Since, starting from the idea of mere sequence in time, is naturally less emphatic as to causation; its clause more often precedes the main proposition. As is still weaker, and, like since, generally brings in the reason before the main proposition: as or since the mountain will not come to Mohammed, Mohammed must go to the mountain. Inasmuch as is the most formal and emphatic, being used only to mark the express reason or condition. *For* follows the main proposition, and generally introduces that which is really continuative of the main proposition and of equal or nearly equal importance, the idea of giving a reason being subordinate."

penter, Tex.Civ.App., 83 S.W.2d 384, err. dism.

The judgment of the trial court is affirmed.