**Jerome H. BROWN et al., Plaintiffs,**

v.

**GINGISS INTERNATIONAL, INC., a Delaware corporation, Defendant.**

**Civ. A. No. 73-C-33.**

United States District Court,
E. D. Wisconsin.

Aug. 1, 1973.

Kenneth F. Hostak, Racine, Wis., for plaintiffs.

Victor M. Harding, Milwaukee, Wis., for defendant; Calvin P. Sawyier, Chicago, Ill., of counsel.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiff corporation and the individual plaintiffs, the corporation's chief officers, attempted to operate a now insolvent franchise of the defendant, a well-known company specializing in the rental of formal clothing. Plaintiffs contend that defendant made certain verbal misrepresentations to induce plaintiffs to enter the business. They seek by this action to have declared unenforceable the original franchise agreement, an installment sales contract, a promissory note given when the franchise was launched, and other promissory notes given two years later to keep the franchise alive. They also seek $60,000 in damages. Jurisdiction is based on diversity of citizenship. The matter is now before me on defendant's motion, pursuant to 28 U.S.C. § 1404(a), for a change of venue to the Northern District of Illinois. The motion is granted.

Defendant's motion is based not only on the customary considerations of convenience called for by § 1404(a) but also on a written provision in the franchise agreement providing that plaintiffs shall bring all actions, such as this, in the federal or state courts located in Cook County, Illinois:

"\* \* \* The Franchisee agrees that he will not commence any action, whether in law or equity, against International because of any matter whatsoever including, but not limited to any matter arising out of the alleged breach or performance of this Franchise Agreement, in any Courts other than those Federal and State courts located with the County of Cook, State of Illinois. \* \* \*"
Part N, paragraph 8, of the Franchise Agreement at 16.

Of course, the provision does not deprive this court of jurisdiction. It should, however, be one factor affecting the discretionary determination required by § 1404(a), as no less an authority than the United States Supreme Court has

recently held. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

■ The individual plaintiffs contend the provision does not apply to them since the formal party to the contract was the corporation, and they signed the contract only as guarantors. But as defendant points out, the operation of the franchise, and paragraph 4, part B, of the contract itself manifests the parties' intention that the individual plaintiffs would be bound by the contract's provisions. Even if the individual plaintiffs are considered mere guarantors, their contemporaneous signing of the agreement and the absence of any separate guaranty contract suggest this was a single transaction under which the guarantors' liability may be coextensive with the principal's. Hence, the venue provision applies to both. Marco Milling Co. v. Commercial Services of Texas, Inc., 346 S.W.2d 495 (Tex.Civ.App., 1961); see also Associates Financial Services Co. v. Eisenberg, 51 Wis.2d 85, 186 N. W.2d 272 (1971). Since the plaintiff corporation is subject to the contract provision in any event, transferring its action and not those of the individual plaintiffs would only produce duplicitous litigation.

■ All plaintiffs argue that the provision should be discounted on policy reasons. Courts agree that the deference owed such a provision depends on the facts of each case. Hawaii Credit Card Corp. v. Continental Credit Card Corp., 290 F.Supp. 848 (D.H.I.1968). They also agree that before the provision can be ignored, it must be shown that enforcement of the provision would significantly inconvenience the party seeking to avoid its impact. Matthiessen v. National Trailer Convoy, Inc., 294 F.Supp. 1132 (D.C.Minn.1968). Here the plaintiffs and their attorney live in Racine, Wisconsin, and are hence only thirty miles further from Chicago than from Milwaukee. The only inconvenience that they believe enforcement of the venue provision would cause is the extra expense of obtaining local counsel in the Northern District of Illinois. As defendant indicates, the local rules of the Northern District of Illinois require local counsel only for the service of papers; all other activities may be performed by plaintiffs' present counsel. Though courts should attempt to minimize a party's cost of litigating whenever possible, the added cost of obtaining local counsel for this limited purpose does not rise to a type of inconvenience envisioned by past decisions. Indeed plaintiffs themselves admit that when one considers the inconvenience caused defendant by keeping the action in Milwaukee, the net inconvenience is not significant.

My enforcement of the venue provision makes it unnecessary to decide defendant's claim that because Illinois law governs, the case should be transferred to Illinois even in the absence of the venue provision.

For the reasons given,

It is ordered that defendant's motion to transfer the action to the United States District Court for the Northern District of Illinois be and it hereby is granted.