**MANAGEMENT SCIENCE, INC., Plaintiff,**

v.

**WILSON MANUFACTURING COMPANY, Defendant.**

**No. 77–C–789.**

United States District Court, E. D. Wisconsin.

June 16, 1978.

---

McCarty, Curry, Wydeven, Peeters & Riester by Irving C. Curry, III, and Robert E. Sorenson, Kaukauna, Wis., for plaintiff.

Quarles & Brady by L. C. Hammond, Jr., and Ross R. Kinney, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Wilson Manufacturing Company has moved for dismissal on the ground that the court lacks jurisdiction over the defendant. The defendant maintains that this court lacks jurisdiction over the defendant and that it was not subject to service under the Wisconsin long arm statute. Sec. 801.05(5), Wis.Stats.

The defendant is a Texas corporation which does not have a place of business in Wisconsin. Wilson Manufacturing Company, Inc. was served with the pleadings in this matter in Texas. The contract in question was executed in Texas and called for the preparation of computer programs which were not installed in Wisconsin.

The defendant concedes two limited contacts with the state of Wisconsin: (1) Two employees of the defendant were trained at a 3-day "User's Conference" in Wisconsin in September, 1975, and (2) Payments required by the lease agreement were made by United States mail from Texas to Wisconsin.

The plaintiff, however, urges that there was another significant contact on the part of the defendant with the state of Wisconsin; the computer programs were developed in Wisconsin. The plaintiff argues:

"Additionally, the implementation of these programs into Wilson's operation and the servicing follow-up were accomplished in Wisconsin. All these services were to be done and could only be done at MSI's place of business in Wisconsin. Furthermore, the services that were performed in Wisconsin were ratified by Wilson by its acceptance of the Lease Agreement and partial performance."

The plaintiff maintains that its cause of action arose out of the defendant's "purposeful action" and that:

" . . . Wilson intentionally entered into a contract which it knew would cause certain consequences in Wisconsin, namely, MSI's performance of services in the development, implementation and servicing of the leased programs."

The record is clear that there was but one isolated transaction between Wilson Manufacturing Company and the plaintiff. In my opinion, the defendant's contacts with

Wisconsin were too isolated in quantity and nature to permit the exercise of jurisdiction under the Wisconsin long arm statute. As the court noted in *Orton v. Woods Oil & Gas Company,* 249 F.2d 198, 202 (7th Cir. 1957), the fact that the plaintiffs did most of their actual work in the forum state is a "slender thread on which to hang their claim for jurisdiction over defendant."

Thus, I conclude that it cannot be said that Wilson Manufacturing Company "avails itself of the privilege of conducting activities performed" in the state of Wisconsin. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). In my opinion, it would offend our traditional notion of fair play and substantial justice to impose jurisdiction in Wisconsin over the defendant Wilson Manufacturing Company under the circumstances that have been brought to light in this case. *McGee v. International Life Insurance Company,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *International Shoe Company v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Accordingly, I find that the defendant's motion for dismissal must be granted.

Therefore, IT IS ORDERED that the defendant's motion for an order dismissing the plaintiff's complaint for lack of personal jurisdiction be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's action be and hereby is dismissed.