C. D. LULLING, Susan Lulling, and SDL of Waunakee, Inc., a Wisconsin Corporation, Kent V. Mieding, Judith Mieding, and Kent's Family Inn, Inc., a Wisconsin Corporation, Thomas G. Meyer, Sue A. Meyer, and Port Washington Road, Inc., a Wisconsin Corporation, Harry C. Nickell, Dianna L. Nickell, and Harry's of 27th Street, Inc., a Wisconsin Corporation, Michael Jo Chamberlain, Christine M. Chamberlain, and Chamberlain's Inn, Inc., a Wisconsin Corporation, Gene M. McKiernan and Valerie J. McKiernan, and Chump on Capitol Drive, Inc., a Wisconsin Corporation, Plaintiffs,

v.

BARNABY'S FAMILY INNS, INC., Angelo G. Geocaris, Frank Pope, Burton E. Evans and Daniel R. Mass, Defendants.

Civ. A. Nos. 79–C–308 to 79–C–313.

United States District Court, E. D. Wisconsin.

Jan. 11, 1980.

Jack D. Moertl, Milwaukee, Wis., for plaintiffs.

Thomas O. Kloehn and Carl R. Schwartz, Milwaukee, Wis., for defendants; James R. Sneider, and Shalom L. Kohn and Thomas H. Morsch, Chicago, Ill., of counsel.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

These are diversity actions for reformation of franchise agreements, equipment leases, and real estate leases brought pursuant to the Wisconsin Franchise Investment Law, Chapter 553, Wisconsin Statutes. Filed in the Circuit Court for Milwaukee County, the actions were removed to this court pursuant to 28 U.S.C. § 1441 et seq., and consolidated by order of this court filed July 31, 1979. Plaintiffs, all former managers of restaurants owned by Barnaby's Family Inns, Inc. ("Barnaby's"), allege that the corporation, by four of its officers,

made material misrepresentations in inducing the plaintiffs to purchase the franchises. Defendants have filed in each case three identical motions to dismiss the complaints, and plaintiffs have each filed a motion to enjoin prosecution of an action brought by Barnaby's in the United States District Court for the Northern District of Illinois.

For the reasons discussed below, all pending motions will be denied.

*Defendants' Motion to Dismiss for Want of Jurisdiction or, in the Alternative, to Transfer*

In their first motion to dismiss, defendants contend in part that by virtue of paragraph (17) of the equipment lease between the parties, only courts located in Illinois have jurisdiction over plaintiffs' controversy with Barnaby's, and thus this action must be dismissed or transferred to Illinois.

Paragraph (17) of the equipment lease provides in part that:

"This lease shall be deemed to be made in Cook County, Illinois, regardless of the order in which the signatures of the parties shall be affixed hereto and shall be interpreted and the rights and liabilities of the parties hereto determined in accordance with the laws of the State of Illinois, and as part of the consideration for Lessor's executing this lease, Lessee hereby agrees that all actions or proceedings arising directly or indirectly from this lease shall be litigated only in courts having situs within the State of Illinois * * *."

The equipment lease between the parties to these actions is one of four documents which are described in and attached to the affidavit of Angelo G. Geocaris, President of Barnaby's. The others are the basic agreement, setting forth the basic terms of the sale; Barnaby's franchise agreement, setting forth the rights and obligations of plaintiffs as franchisees; and the indenture of lease, providing for the lease of the restaurant buildings and the land on which they are situated.

The agreements, other than the equipment lease, do not contain choice-of-forum clauses. However, like the equipment lease, the basic agreement and the franchise agreement both contain choice-of-forum clauses which state that the agreements shall be construed in accordance with the laws of Illinois. See the basic agreement, section XVIII–C, and the franchise agreement, paragraph (25)–C.

■ The defendants rely only on the choice-of-forum clause in the equipment lease as the basis for their motion.* In arguing that the choice-of-forum clause is valid, the defendants state that Illinois courts would apply Wisconsin law and thus enforce the Wisconsin Franchise Investment Law.

■ This Court finds that under these circumstances, it would be unreasonable to enforce the choice-of-forum clause. This Court recognizes that the United States Supreme Court has stated that choice-of-forum clauses are valid and should be enforced unless enforcement is "unreasonable." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). However, such clauses do not divest a court of jurisdiction. *Brown v. Gingiss International, Inc.*, 360 F.Supp. 1042 (E.D.Wis.1973).

* The Wisconsin Franchise Investment Law prohibits any attempt by parties to contract out from under Wisconsin law, and thus renders void the clauses requiring the application of Illinois law. Section 553.21, Wis.Stats. (1977), provides:

"(1) No person may sell or offer any franchise in this state unless the offer of the franchise has been registered under this chapter or exempted under s. 553.22, 553.23 or 553.25.

"(2) It is unlawful for any franchisor whose franchises are registered under this chapter

* * * to offer or sell any of the registered franchises in this state in violation of this chapter * * *. * * *"

Section 553.76 prohibits the waiving of compliance with this law and reads:

"Any condition, stipulation or provision purporting to bind any person acquiring any franchise to waive compliance with any provision of this chapter or any rule or order hereunder is void."

In these actions the choice-of-forum clause is found only in the equipment lease which is not the basic contract between the parties. Because only one contract contains the choice-of-forum clause, and because the clauses requiring the application of Illinois law are void, it is unreasonable to require Wisconsin citizens to litigate their claims based on Wisconsin law in Illinois courts. The Wisconsin Franchise Investment Law embodies a public policy of the State of Wisconsin which can best be dealt with by Wisconsin courts. In *The Bremen*, supra, 407 U.S. at page 15, 92 S.Ct. at page 1916, the Court stated:

" * * * A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision. * * * "

■ The defendants also maintain that venue is improper in *Lulling v. Barnaby's*, C.A. No. 79–C–308, and in *Chamberlain v. Barnaby's*, C.A. No. 79–C–312, since in those two actions all plaintiffs are residents of Dane County, Wisconsin, which is in the Western District of Wisconsin. Defendants rely on the provisions of 28 U.S.C. § 1391(a) which states that a diversity action may be brought only in the district in which all plaintiffs reside, all defendants reside, or the claim arose. It is their position that since the Eastern District of Wisconsin meets none of these tests, venue is improper. This Court disagrees. See 28 U.S.C. § 1391(c) which provides:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Also see 28 U.S.C. § 1441(a) which provides:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

■ Defendants also argue that for the convenience of the parties and witnesses, the cases should be transferred to the Northern District of Illinois under the standards of 28 U.S.C. § 1404(a). When all the plaintiffs are Wisconsin residents and the defendants have long been doing business in Wisconsin, this argument is without merit.

*Individual Defendants' Motions to Dismiss for Want of Jurisdiction*

The individual defendants Geocaris, Pope, Evans, and Mass have moved to dismiss the complaints as to them for lack of personal jurisdiction, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In support of the motions, the individual defendants have filed affidavits denying that they ever performed any acts relevant to plaintiffs' claims in the State of Wisconsin.

However, the pertinent allegations of the complaints assert that the four individual defendants made the misrepresentations in question. The complaints are not specific as to where each misrepresentation was made nor as to which individual defendant made which misrepresentation. However, defendants are given sufficient notice of the claims against them. See *Doug Sanders Golf Intercontinental of Southeastern Wisconsin, Inc. v. American Manhattan Industries, Inc.*, 359 F.Supp. 918 (E.D.Wis. 1973).

■ Whether the misrepresentations were made in Wisconsin or Illinois is irrelevant. This court has personal jurisdiction over the defendants in either case. Sections 801.05(3) and (4), Wis.Stats. (1977), provide:

"(3) Local act or omission. In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant.

"(4) Local injury; foreign act. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the

defendant, provided in addition that at the time of the injury, either:

"(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; * * *."

■ The Court finds that in this situation the exercise of jurisdiction does not offend the due process clause of the United States Constitution. The exercise of jurisdiction meets the "minimum contacts" test of *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and of *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958), in which the Court stated:

" * * * The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws. * *."

Here plaintiffs allege that the individual defendants were officers of Barnaby's which was doing substantial business in Wisconsin. In acts related to the sale of the businesses, the individual defendants allegedly performed tortious acts against Wisconsin residents. Defendants' individual contacts with the State are considerably more extensive than those held insufficient to confer personal jurisdiction in the cases cited by the defendants. Cf. *Towne Realty, Inc. v. Bishop Enterprises Inc.*, 432 F.Supp. 691 (E.D.Wis.1977); *Management Science, Inc. v. Wilson Mfg. Co.*, 451 F.Supp. 963 (E.D.Wis.1978); and *Lakeside Bridge and Steel Co. v. Mountain State Construction Co., Inc.*, 597 F.2d 596 (7th Cir. 1979).

*Motion to Dismiss for Failure to State a Claim*

Defendants contend in their motions to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the complaints fail to allege facts sufficient to make out a claim for common law fraud, and that Chapter 553, Wisconsin Statutes, is not applicable to the franchise agreement between the parties.

These arguments are without merit. Section 553.59, Wis.Stats. (1977), provides:

"(1) The provisions of this chapter concerning sales and offers to sell apply when a sale or offer to sell is made in this state or when an offer to purchase is made and accepted in this state. The provisions concerning purchases and offers to purchase apply when a purchase or offer to purchase is made in this state or an offer to sell is made and accepted in this state."

Plaintiffs have alleged in the complaints that Chapter 553 is applicable and has set forth the events surrounding the offer to sell, the latter in paragraph 9 of the complaint which states:

"In March of 1977, the defendants, ANGELO G. GEOCARIS, FRANK POPE, BURTON E. EVANS and DANIEL R. MASS (hereinafter collectively referred to as 'BARNABY'S MANAGEMENT') advised [the plaintiff] that BARNABY'S had decided to sell all of its six Wisconsin restaurant businesses by May 1, 1977, and that he would thereafter no longer be employed by BARNABY'S. BARNABY'S MANAGEMENT assured him, however, that he could continue to work in the * * * location provided he agreed to accept BARNABY'S offer to sell him a franchise for the operation of the business. * * *"

■ Since the plaintiffs are all Wisconsin residents, and since the offer to sell was allegedly directed specifically at each plaintiff, the jurisdictional facts are sufficient to resist the motion to dismiss. This is particularly true in light of § 553.59(2), Wis.Stats. (1977), which states:

"(2) For the purpose of this section, an offer to sell or to purchase is made in this state, whether or not either party is then present in this state, when the offer origi-

nates from this state or is directed by the offeror to this state and received by the offeree in this state * * *."

As to defendants' claim that the allegations as to misrepresentation are insufficient to sustain a claim for common law fraud, the Court notes that the misrepresentations alleged constitute violations of Chapter 553. Section 553.41, Wis.Stats. (1977), states:

"(1) No person may make or cause to be made, in any document filed with the commissioner or in any proceeding under this chapter, any statement which is, at the time and in the light of the circumstances under which it is made, false or misleading in any material respect or, in connection with any statement required to be made under s. 553.31 (1), omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading."

Therefore, defendants' motions to dismiss the complaints for failure to state a claim will be denied.

*Motion to Enjoin Illinois Action*

Plaintiffs have moved this court to enjoin an action filed by Barnaby's in the United States District Court for the Northern District of Illinois. These motions will be denied as moot. The District Court for the Northern District of Illinois has transferred the action of *Barnaby's Family Inns, Inc. v. McKiernan*, C.A. No. 79–C–921, to this court for its consideration along with the above-captioned six cases filed in this court.