**Barry ADELSON, Leopold Langlois, Jaime Melean, Monty Menhusen & Goldy Sheradsky, etc., Plaintiffs,**

v.

**WORLD TRANSPORTATION, INC., RTC Transportation, Inc., Investors Transportation Corporation, Worldco Services Group, Inc., Coast Financial Services, Inc., Oregon First Bank, Herman Finesod, Howard J. Golub and Ronald Davis, Defendants.**

**No. 85–3608–civ.**

United States District Court, S.D. Florida.

March 31, 1986.

Jonathan Fordin, Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, Miami, Fla., for defendant, Coast Financial Service, Inc.

Hendrik G. Milne, Squire, Sanders & Dempsey, Miami, Fla., for defendant, Oregon First Bank.

Sandra I. Tart, Reisman & Bryn, Miami, Fla., for defendants, World Transp., Inc., Worldco Services Group, Inc., M & J Holding Corp. and Herman Finesod.

Betsey L. Warwick, Welbaum Zook Jones & Williams, Law Offices of Samuel Sheradsky, Miami, Fla., for plaintiffs.

Timothy W. Ross, Culverhouse, Botts & Culverhouse, Miami, Fla., for defendant, Howard J. Golub.

Scott M. Bernstein, Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, Fla., for defendant, Ronald Davis.

## ORDER GRANTING MOTION TO TRANSFER VENUE

ATKINS, District Judge.

This cause is before the court on defendant World Transportation's motion to transfer venue to the Southern District of New York pursuant to the forum selection clause of the investors purchase agreement. Plaintiffs oppose the motion, arguing that they are granted certain rights under federal securities law which may not be waived by agreement. They further assert that the forum selection clause is unreasonable, and therefore, unenforceable. As forum selection clauses have been upheld generally in this jurisdiction, and there exists no caselaw indicating that securities law would preclude their enforcement, defendant's motion to transfer is granted. Additionally, all defendants will

be joined in this motion in the interest of judicial economy.

### Statement of the Case

Plaintiffs have initiated a class action suit seeking relief under the Securities Act of 1933, the Securities Exchange Act of 1934, the Federal Rico provisions, as well as state statutory counterparts and various common law claims. The named plaintiffs consist of five investors who are purchasers of a tax shelter securities offering known as the "World Trade Transportation, Inc. 1984 Truck Ownership Program."[1] The several defendants joined in this action represent the various parties involved in the investment program.

The purchasers of this costly tax shelter were sophisticated investors. Many of them had previously invested in similar programs. Similarly, if any prospective purchaser indicated a lack of knowledge or experience with this type of investment, he was required, as part of the purchase questionnaire, to name the individual who was advising him.

The Purchase Agreements, signed by the plaintiffs, are identical and include a forum selection clause which specifies that any legal action is to be brought in the Southern District of New York. Although various other documents were completed by these parties, some of which contain their own forum selection clauses, the Purchase Agreements provided the sole means by which the plaintiffs invested in the tax shelter program. Thus, these agreements are the controlling documents in this dispute.

### I

### Discussion

I. The General Validity of Forum Selection Clauses

On January 10, 1986, the Eleventh Circuit issued its first opinion directly addressing the validity of a forum selection clause. *See Stewart Organization, Inc. v. Ricoh Corp.*, 779 F.2d 643 (11th Cir.1986). The court carefully examined the principles established by the Supreme Court in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) and stated:

> The court in exceptionally strong language banished the former bias against such clauses and directed that in almost all circumstances enforcement of such provisions is favored.

*Id.* at 649.

Then, after reviewing the pertinent facts of the case, the court held that the forum selection clause was enforceable and transferred all claims to the New York forum. *Id.* at 650.

II. The Forum Selection Clause and the Securities Acts

Plaintiffs contend that the special venue provisions of the federal securities laws preclude the enforcement of a forum selection clause. However, extensive research fails to reveal any case directly on point which supports plaintiffs' assertion. Plaintiffs primarily rely on *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) which discusses the importance of a "judicial forum." *Id.* at 435, 74 S.Ct. at 186.[2] In *Wilko*, the court emphasized a plaintiff's right to a trial, as opposed to arbitration, in a securities case.

The Securities Exchange Act of 1934 provides:

> Any condition, stipulation or provisions binding any person to waive compliance with any provision of this chapter or any rule or regulation thereunder or of any rule or an exchange required thereby shall be void.

15 U.S.C. § 78cc. The Securities Act of 1933 contains a substantially similar provision. 15 U.S.C. § 77w. Further, Section

---

**1.** Plaintiffs' motion for class action certification is presently pending before this court. The class would consist of approximately ninety investors who reside in fifteen different states. Only six of the investors reside in Florida.

**2.** The *Wilko* court, declined to discuss the effect of a forum selection clause in a securities action. *See id.* 346 U.S. at 438, 74 S.Ct. at 188.

22 of the Securities Act and Section 27 of the Exchange Act each indicate that a suit to enforce these laws *"may* be brought" in wide variety of districts at the discretion of the party bringing the action. Plaintiffs argue that the forum selection clause is void as it amounts to a .stipulation that binds the investors to waive compliance with the liberal venue provisions of the "1933 and 1934 Acts."

In this case, however, the investors, rather than waiving compliance with the Acts, exercised their choice by pre-selecting the appropriate venue. Conversely, in *Wilko,* the court objected to the pre-selection of a non judicial forum reasoning that:

> [e]ven though the provisions of the Securities Act, advantageous to the buyer, apply, their effectiveness in application is lessened in arbitration as compared to judicial proceedings.

*Id.* at 435, 74 S.Ct. at 187. Here, the buyer does not give up any substantial right, because there is no reason to assume that a full and fair proceeding will not be provided in the New York forum.

Significantly, the only time the Court has specifically discussed the validity of a forum selection clause in a securities action, the clause was held to be valid. *See Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1973). In *Scherk,* the Court reasoned that:

> A contractual provision specifying in advance the forum in which disputes shall be litigated ... is ... an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction.

*Id.* at 516, 94 S.Ct. at 2455.[3]

In the interest of promoting the predictability and orderliness emphasized by the *Scherk* Court, I hold that the instant forum selection clause is valid and enforceable within the context of a securities action.

### III. Reasonableness of the Clause

■ Plaintiffs contend that even if the forum selection clause were not otherwise void, its enforcement under the facts of this case would be unreasonable. They add that all parties except the New York defendants would be greatly inconvenienced by a transfer to New York. Thus, they assert that the motion to transfer must be denied.

The Eleventh Circuit has recently clarified this issue. In *Stewart,* the court, relying on *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), discussed unreasonableness as a result of inconvenience to the parties. The Court concluded that this inconvenience must be shown to escape application of the clause, and must be so serious as to deprive a party of his day in court. *Stewart,* 779 F.2d at 649. The *Wilko* Court had a similar concern when they invalidated arbitration as a means of settling a securities dispute. *See Wilko,* 346 U.S. at 435, 74 S.Ct. at 186. Arbitration was viewed as denying a plaintiff a complete trial. Here, the plaintiffs have not met their burden of showing they will be denied their day in court. Absent this factor "there is *no* basis for concluding that it would be unfair, unjust, or unreasonable to hold "the parties to [their] bargain." *Stewart,* 779 F.2d at 649. Plaintiffs have not been denied their substantive right to the choice of forum, granted under securities law, but rather have freely contracted to pre-select this forum.

■ The investors argue that their forum selection was not "free" as the clause was stated in boilerplate language. Yet, the *Stewart* Court ruled that between sophisticated businessmen, if either is unhappy with the contract, they are free to walk away from the bargaining table. *Id.* at 649. Many of purchasers of this costly tax shelter had previously acquired similar investments. Moreover, Plaintiffs were *required* as part of the purchase questionnaire, to name the advisor reviewing their

---

3. I recognize the importance of the international setting in *Scherk;* however, the concern for orderliness and predictability is present in virtually all business transactions.

investment, if they previously indicated that they lacked knowledge or experience in this type of purchase. Plaintiffs cannot now claim they were unsophisticated or ill advised.

In sum, the forum selection clause in this case was reasonable, and therefore enforceable by this court.

## IV. Use of Different Forum Selection Clauses in Different Documents

■ Plaintiffs ultimately contend that the motion to transfer should be denied because defendants used several different forum selection clauses. These clauses are found in various documents contained in the offering, which conflict with the New York forum selection clause in the Purchase Agreement. Defendants characterize these other documents as subordinate and tangential and strongly assert that the Purchase Agreements are the controlling documents in this dispute.

In their opposition brief, plaintiffs state "that the defendants conspired to defraud [them] into *purchasing* units of ownership in an investment." The other documents with conflicting forums relate to management and operation as well as one security contract. Thus, by implication the Purchase Agreement should control any purchase dispute. The manager is not being sued for mismanagement nor the operator for negligent operation. Instead, these other defendants are alleged to have conspired or agreed together to defraud plaintiffs in their *purchase*. The one document which logically connects all the defendants to the plaintiffs, in this action, is the Purchase Agreement.

As previously reiterated, both plaintiffs and defendants are geographically dispersed so any forum will inconvenience at least some of the parties. All the plaintiffs have agreed to the New York forum by signing the Purchase Agreements and none of the defendants have objected to the transfer. Further, the United States District Court for the Southern District of New York is highly experienced in dealing with complex tax shelter litigation.

The case law on this issue is sparse. Plaintiffs cite *Lulling v. Barnaby's Family, Inns, Inc.,* 482 F.Supp. 318 (E.D.Wis. 1980) as controlling. However, that case concerns a situation where there are several contracts, only one of which has a forum selection clause. The court refused to uphold this clause as the contract containing it was not viewed as being the *basic* contract between the parties. *Id.* at 321.

The court in *Bense v. Interstate Battery System of America, Inc.,* 683 F.2d 718 (2d Cir.1982) found that any action which arose "directly or indirectly" from the agreement containing the forum selection clause should be controlled by that clause. *Id.* at 720. The *Stewart* Court upholds and reiterates the *Bense* ruling in finding that all claims "pendant to or arising out of the contractual relationship" should be governed by the contract's forum selection clause. *See Stewart,* 779 F.2d at 643, 650. Here, the plaintiffs relationship to the managers, operators and financiers of the instant investment arise out of their relationship with the seller, because these other defendants are accused of conspiring with the seller to defraud the investors. The relationship with the seller is controlled by the Purchase Agreements. Therefore, the only forum selection clause at issue is the one contained in the Purchase Agreements.

## V. Conclusion

Numerous parties are involved in this dispute. The plaintiffs have agreed to a New York forum, and there is no logical reason not to give them the benefit of their bargain. Further, there is no overriding federal securities law which would preclude this result, and the clause is reasonable. Therefore, I find the choice of forum clause in the Purchase Agreement enforceable. Accordingly, the defendants motion to transfer this action to the United States District Court for the Southern District of New York is GRANTED. All other motions pending before this court are DENIED without prejudice, and may be resubmitted in the New York court.