**DUKANE FABRICS INTERNATIONAL, INC. and House of Pile, Plaintiffs,**

v.

**M.V. "HRELJIN", M.V. "NEPTUNE", et al.**

v.

**JUGOLINIJA; Jugolinija Container Services; Med Express Lines, Ltd.; Joong Ang Shipping Co., Ltd.; Purfleet Enterprises Ltd.; Mirage Shipping, S.A.; Daiwa Kaiun K.K.; Nippon Yusen Kaisha, d/b/a NYK Line, and Medafrica Lines, S.p.A., Defendants, and third party action.**

No. 83 Civ. 5479(MEL).

United States District Court, S.D. New York.

Jan. 14, 1985.

Bigham Englar Jones & Houston, New York City, for plaintiffs; John E. Cone, Jr., Thomas J. Mulligan, New York City, of counsel.

Cichanowicz, Callan, Carcich & Keane, New York City, for defendants JUGOLINIJA and MEDAFRICA LINE, S.p.A.; Michael J. Carcich, Joseph F. DeMay, Jr., New York City, of counsel.

LASKER, District Judge.

In June of 1982, Dukane Fabrics International, Inc. ("Dukane") and House of Pile ("HoP"), two New York corporations, attempted to ship several hundred rolls of textile piece goods from New York to Duola, Cameroon via Leghorn, Italy. Med Express Lines Ltd. ("Med Express"), a New York shipper, was retained to arrange the shipment of the cargo between the United States and Africa, and was authorized to accept bills of lading issued by the various carriers on behalf of Dukane and HoP. Med Express consequently entered into an

agreement with Medafrica Lines, S.p.A. ("Medafrica"), an Italian carrier, to carry the goods from Leghorn, Italy to Calabar, Nigeria. Bills of Lading issued by Medafrica stated that any dispute would be "decided in Genoa where the Carrier has his [sic] principal place of business and the Italian law shall apply except as provided elsewhere herein." *See* Medafrica's Notice of Motion, filed Aug. 13, 1983, at Exhibit F.

In July of 1982, the goods were shipped from New York to Italy, but were then lost enroute from Italy to Africa. Dukane and HoP subsequently filed this action against various carriers and shippers to establish their liability for the lost cargo. Medafrica now moves to dismiss the claims and cross-claims asserted against it on the ground that the above-quoted forum selection provision, based upon the Supreme Court's holding in *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), is *prima facie* enforceable and that it has been enforced in similar cases.[1]

█ As we understand plaintiffs' argument, they contend that the bills of lading choice of forum clause should not be enforced because plaintiffs were never privy to the bills' terms and provisions and Medafrica should therefore not be permitted to "escape" this litigation.[2] We disagree. Plaintiffs were privy to the terms of the bills of lading because it is not disputed that Med Express was authorized by plaintiffs to accept Medafrica's bills of lading on plaintiffs' behalf.

Plaintiffs next challenge the forum selection provision on the ground that they did not, within the meaning of *Bremen, supra,* "freely negotiate" the bills of lading with Medafrica. As noted above, Med Express was authorized by the plaintiffs to accept Medafrica's bills of lading and there is no evidence that these bills were not "freely negotiated." [3]

█ In addition, plaintiffs contend that Medafrica's bills of lading were "boilerplate" contracts which were not issued to them and which they could not accept, reject, or alter. As to whether the "boilerplate" features of the bills of lading ought to defeat the enforcement of the choice of forum clause, the Supreme Court has held that forum selection clauses should be enforced as *prima facie* valid unless it can be shown that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Bremen v. Zapata Off-Shore Co., supra,* 407 U.S. at 15, 92 S.Ct. at 1916. Courts in this District have consistently found that it is not unreasonable to enforce a choice of forum provision embodied within a standard printed form. *See Galaxy Export Corp., supra,* 1983 A.M.C. at 2639; *Paterson, Zochonis (U.K.) Ltd. v. Compania United Arrows, S.A.,* 493 F.Supp. 626, 630 n. 14 (S.D.N.Y.1980) (Sand, J.) ("Accepting plaintiffs' present argument without more specific allegations of overreaching would be tantamount to voiding all forum selection clauses contained in typical ocean bills of lading.") Accepting Judge Sand's view, we find that the forum

---

1. *Citing, Galaxy Export Corp. v. M/V "Hektor",* 1983 A.M.C. 2637 (S.D.N.Y.1983) (Motley, J.). Medafrica also asserts that like the *Bremen* case, the provisions of the Carriage of Goods by Sea Act, 46 U.S.C. § 1300–15 (1982) ("COGSA"), are inapplicable here because the bills of lading are evidence of contracts for the carriage of the goods in question between two foreign ports—in this case Leghorn and Calabar. COGSA, by way of contrast, applies only to those bills of lading evidencing contracts for carriage of goods between a United States and foreign port. *See* 46 U.S.C. § 1312 (1982); *Bremen, supra,* 407 U.S. at 10 n. 11, 92 S.Ct. at 1913 n. 11.

2. Plaintiffs' initial argument, that Medafrica was obligated to care for and properly deliver their

cargo because it was the bailee-common carrier of the cargo, is relevant to the issue of Medafrica's liability to the plaintiffs. It is not, however, applicable to the question of whether a choice of forum provision should be enforced.

3. Plaintiffs argue that because Medafrica has not testified in this action, nothing is known about what bills of lading were issued or whether there exists any other relevant documentation. This argument has nothing to do with the question of whether the forum selection provision was freely negotiated and, in any event, Medafrica's affidavit states that the bills of lading it issued for the carriage of plaintiffs' goods between Italy and Africa contained the forum selection clause at issue here.

selection clause at issue here was not invalid because there is no showing of overreaching on Medafrica's part.

Finally, plaintiffs argue that dismissing this action as to Medafrica "would be tantamount to enabling a substantial injustice," Plaintiffs' Memorandum of Law, at 9, because it will allow Medafrica to circumvent the production of material evidence and witnesses. Plaintiffs refer, *inter alia*, to the fact that further testimony needs to be taken from Medafrica employees relating to the transport of their cargo from Italy to Nigeria and the loss of the cargo enroute.

For the reasons set forth by Chief Judge Motley in *Galaxy Export Corp., supra*, a case virtually identical to this one in which a forum selection clause naming Genoa, Italy as the forum was enforced in favor of Medafrica, we find that plaintiffs' assertions of inconvenience are insufficient to bar enforcement of the forum selection provision at issue here.

It is "incumbent upon the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *M/S Bremen, [supra,]* 407 U.S. at 18 [92 S.Ct. at 1917]. Plaintiffs have not sustained their burden. Plaintiffs have not asserted that they will be unable to secure the attendance of their witnesses at proceedings in Italy, nor have they indicated that they would not be able to use depositions taken here in support of their claim before the Italian tribunal.

*Galaxy Export Corp., supra*, 1983 A.M.C. at 2640. For the reasons expressed in *Galaxy Export Corp.*, we disagree with plaintiffs' suggestion that it would be "unjust" for their claims against Medafrica to be heard in an Italian forum. We do not believe their claims will be treated any less fairly by the courts of Italy and, in any event, "[s]uffice it to say that '[i]f the unfairness of foreign tribunals can ever be a basis for refusing to enforce [a forum selection clause], a much stronger show-

ing'" than the one which plaintiffs have hinted at here is required. *Id.* at 2641, *supra, quoting, Crown v. Beverage Co., Inc. v. Cerveceria Moctezuma, S.A.*, 663 F.2d 886, 889 (9th Cir.1981). Moreover, plaintiffs have made no showing that they cannot secure necessary evidence from Medafrica by depositions or other methods of discovery.

Defendant Medafrica's motion to dismiss the claims and cross-claims [4] asserted against it is granted because the forum selection provision embodied within its bill of lading is determined to be valid.

It is so ordered.

---

**4.** Med Express has defaulted on this motion by     failing to answer.