**Jerry BROCK, et al.**

v.

**ENTRE COMPUTER CENTERS, INC., et al.**

**Civ. A. No. B–87–1033–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 7, 1990.

---

Edward A. McConwell, Overland Park, Kan., Jon Burmeister, Moore, Landrey, Garth & Jones, Beaumont, Tex., for plaintiffs.

Anthony G. Brocato, Beaumont, Tex., Wesley G. Howell, Paul Blankenstein, Gibson, Dunn & Crutcher, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Plaintiffs filed this diversity action against Entre Computer Centers, Inc., Steven B. Heller and James J. Edgette, individually, claiming fraud, fraudulent inducement, breach of contract, violation of 18 U.S.C. § 1961 *et seq.*, breach of fiduciary duty, and violation of the Texas Deceptive Trade Practices Act; TEX.BUS. & COMM. CODE ANN. §§ 17.46, 17.50 (Vernon 1987). Defendants have moved to dismiss for improper venue and lack of personal jurisdiction over the defendants. The franchisees, plaintiffs Brock and Cavett, entered into an agreement with defendant franchisor Entre to operate computer centers in Beaumont, Texas, and Baton Rouge, Louisiana. The agreements were entered into in Virginia in March 1984. Following the agreement, the plaintiffs incorporated BPM Computer Systems of Beaumont, Inc., and BPM Computer Systems of Louisiana, Inc. (BPM).

Entre is no stranger to litigation of this kind. It has been sued by disappointed franchisees in various federal courts in the United States, with similar claims. *Stephens v. Entre Computer Centers, Inc.,* 696 F.Supp. 636 (N.D.Ga.1988); *Olson v. Entre Computer Centers, Inc.,* No. C–87–20417–WAI (N.D.Cal. Aug. 16, 1988); *Wells v. Entre Computer Centers, Inc.,* No. S–87–202–CA, 1988 WL 212549 (E.D. Tex. October 24, 1988); *Gigante v. Entre Computer Centers, Inc.,* No. C–88–2058–

HAA (D.N.J. October 13, 1988). In each of those cases, the defendants Entre, Heller, and Edgette have filed similar motions as have been filed in this court. In each instance, district courts have enforced the contractual forum selection clause contained in the contract.

Unfortunately for the plaintiffs, the court is of the opinion the same result will obtain here. There has been substantial discovery permitted on the issues of venue and jurisdiction over the defendants, Entre and the two individual defendants. Plaintiffs were promised by defendants numerous glowing results would be reaped by entering into and performing under the franchises granted.

The plaintiffs relied on the promises, expended time, effort and money, but failed in the local computer "stores." The plaintiffs were the "Entre'" contact with the buying public, they also were the brunt of the complaints (often justified) by those same buyers.

Nevertheless, the franchise agreement provided:

> The parties agree that any action brought either party in any court, whether federal or state, shall be brought within the Commonwealth of Virginia and do hereby waive all question of personal jurisdiction or venue for the purposes of carrying out this provision.

The only applicable distinction is that in the instant case the plaintiffs have included a RICO claim, 18 U.S.C. § 1961 *et seq.;* however, such a claim has no bearing on the enforceability of a forum selection clause.

In their motion to dismiss, or alternatively to transfer, defendants urge the court to transfer the case to Virginia due to the clause in the franchise agreement specifying Virginia as the choice of forum in any action brought by any party to the contract. They assert alternatively that the requisite "minimum contacts" are not present for this court to exercise personal jurisdiction over the individual defendants. Plaintiffs contend the forum selection clause is unenforceable, venue is proper in this court, and that the court has personal jurisdiction over all three defendants.

Having reviewed the pleadings, the parties' arguments concerning the motion, and the applicable law, this cause is ORDERED TRANSFERRED to the United States District Court for the Eastern District of Virginia.

## TRANSFER OF VENUE

Defendants have moved to transfer this action pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Virginia on grounds that the forum selection clause in the franchise contract provides that any disputes between the parties will be adjudicated in the state or federal courts of Virginia.

■ The Supreme Court has held that a motion to enforce a forum selection clause in a diversity case is governed by the federal venue statute, 28 U.S.C. § 1404(a). *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, and the interest of justice, the district court may transfer any civil action to any other district or division where it might have been brought.

■ Plaintiffs assert the clause is inapplicable for two reasons. First, the clause does not cover plaintiffs' tort claims; and second, plaintiffs have shown some of the parties in this action did not sign the contract. As to the clause's applicability to tort claims, the Eleventh Circuit has rejected the argument that a forum selection clause does not apply to tort claims. *Stewart Organization, Inc. v. Ricoh Corp.*, 810 F.2d 1066 (11th Cir.1987) (*en banc*), affirmed and remanded on other grounds, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Stephens v. Entre Computer Centers, Inc.*, 696 F.Supp. 636, 638 (N.D.Ga. 1988) (construing the same clause before this court).

■ Plaintiffs' position that the clause does not apply to the parties who did not sign the contract is also inappropriate. District courts have repeatedly held that transaction participants, whether they are parties or non-parties to the contract, who

benefit from, and are subject to, a forum selection clause. *Stephens v. Entre,* at 639; *see Adelson v. World Transportation, Inc.,* 631 F.Supp. 504, 508 (S.D.Fla. 1986); *Clinton v. Janger,* 583 F.Supp. 284, 290 (N.D.Ill.1984).

This court applies the analysis in *Stephens.* The Court plaintiffs' reliance on *Snider v. Lone Star Art Trading Co., Inc.,* 659 F.Supp. 1249 (E.D.Mich.1987), affirmed, 838 F.2d 1215 (6th Cir.1988), is misplaced to the plaintiffs in this case, where the court held:

> In *Snider,* there were six agreements and multiple defendants, and the forum selection clause was contained in but one of the agreements with one of the defendants. The *Snider* court found the clause unenforceable based on equity and the efficient administration of justice. 659 F.Supp. at 1257–58. On reconsideration, the court implied that it might have ruled otherwise had the clause been contained in one central document.

*Stephens v. Entre,* at 639. There is but one agreement between the parties in this case. Therefore, the court finds that the forum selection clause applies to all parties to the contract, whether signatories or not.

■ The Supreme Court has expressly held that a motion to enforce a forum selection clause is governed by 28 U.S.C. § 1404(a). *Stewart Organization,* 108 S.Ct. at 2243. A district court must weigh the plaintiff's forum choice against considerations of convenience, cost, judicial economy, and expedition of discovery and trial processes. *Id.* at 224; *Stephens v. Entre Computer Centers, Inc.,* 696 F.Supp. 636, 640 (N.D.Ga.1988):

> The presence of a forum selection clause ... [is] a significant factor to figure centrally in the district courts' calculus.

*Stewart Organization,* 108 S.Ct. at 2244.

■ Plaintiffs contend that a forum selection clause contained in a contract induced by fraud is unenforceable. In *THE BREMEN v. Zapata Off-shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Court ruled that a forum selection clause should be enforced unless the party in opposition "clearly shows that enforcement would be unreasonable and unjust, or that the clause was invalid for fraud or overreaching." *THE BREMEN,* 407 U.S. at 15, 92 S.Ct. at 1916. The Court later ruled that under *THE BREMEN'S* fraud exception, the inclusion of the clause itself must be the product of fraud or coercion. *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 519, n. 14, 94 S.Ct. 2449, 2457, n. 14, 41 L.Ed.2d 270 (1974). Plaintiffs attempt to distinguish these cases by pointing out that each was decided in the international law context. In light of the Supreme Court's declaration that *THE BREMEN* "may prove instructive" in resolving disputes over forum selection clauses in domestic cases, *Stewart Organization,* 108 S.Ct. at 2243, this court is so instructed.

In *Stewart,* on remand by the Supreme Court to the district court, the able judge followed the direction of the Supreme Court and held in a well-reasoned opinion the forum clause in *Stewart Organization* did not require transfer, when considering all of the relevant facts before him. 696 F.Supp. 583 (N.D.Ala.1988). Upon an application for mandamus, the 11th Circuit summarily ordered transfer to New York. *In re Ricoh Corp.,* 870 F.2d 570 (5th Cir.); rehearing denied, 877 F.2d 975 (1989). In this court's opinion, Judge Acker's opinion recited stronger reasons for retaining that case in Alabama than exist for this court to retain this case in Texas. But the 11th Circuit reversed his decision and ordered transfer. I am constrained to follow the decision of the 11th Circuit, as well as the other District Court holdings cited above.

In this case, plaintiffs' allegations of fraud go simply to the inducement of the agreement, and not the fraudulent inclusion of the forum selection clause itself. No one forced the plaintiffs to include the forum selection clause in the agreement. The plaintiffs in this case knew that they should have read all of the contractual provisions, at the very least, and would have been well advised to have legal counsel also examine the documents.

■ Having decided that the forum selection clause is valid, the court now turns to the process of weighing the various relevant factors as mandated by the Supreme Court in *Stewart.*

The basic factors to be considered under 1404(a) are:

(1) The plaintiff's choice of forum,

(2) The convenience of the parties,

(3) The convenience of witnesses, and

(4) The interest of justice.

*Id.* 108 S.Ct. at 2244. In addition, the presence of a forum selection clause is an important factor to be considered. According to the Supreme Court, forum selection clauses should receive neither "dispositive consideration," nor "no consideration," *Stewart Organization,* at 2245, but rather should be weighed by the court according to an "individualized case-by-case consideration of convenience and fairness." *Id.* at 2244, citing *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964).

In actions involving a domestic plaintiff, "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981). This presumption arises from the fact that when a plaintiff sues in his home forum, "It is reasonable to assume that this choice is convenient," and that absent other factors, a case should not be transferred simply to shift the burden of inconvenience from the defendant to the plaintiff. *Id.,* 454 U.S. at 255–56, and n. 23, 102 S.Ct. at 265–66, and n. 23; *Munusamy v. McClelland Engineers, Inc.,* 579 F.Supp. 149, 152 (E.D.Tex.1984).

After considering all of the evidence presently before the court, the court finds that the location of the witnesses and evidence do not significantly favor either Texas or Virginia as a forum site, and each site will likely burden one side or the other with some expense and inconvenience. But for the forum selection clause, the court would retain this case; however, the parties have by contract stipulated that any suit must be brought in Virginia. This fact necessarily weighs against of the plaintiffs' choice of forum, effectively neutralizing the presumption. There are a number of important witnesses that are in Texas, and also in the Virginia–Maryland area, both for the plaintiffs and for the defendants. In all candor, the fact that plaintiffs' attorneys (from Overland Park, Kansas) have litigated suits against Entre several times in the Eastern District of Virginia against these very same defendants somewhat mitigates the inconvenience to the plaintiffs. No matter which forum is chosen, one party or the other will be put to some expense in traveling to the distant forum.

The court finds that the location of documents and records favors neither forum. Since plaintiffs' counsel has litigated against these defendants previously, the plaintiffs in this case are already in possession of a substantial number of documents. Therefore, this factor, too, is inconclusive. The search continues.

The district court for the Eastern District of Virginia has received transferral of several similarly situated parties in related cases, *Stephens v. Entre Computer Centers, Inc.,* 696 F.Supp. 636 (N.D.Ga.1988); *Olson v. Entre Computer Centers, Inc.,* No. C–87–20417–WAI (N.D.Cal. Aug. 16, 1988); *Wells v. Entre Computer Centers, Inc.* No. 8–87–202–CA (E.D.Tex. Oct. 24, 1988); *Gigante v. Entre Computer Centers, Inc.,* No. C–88–2058–HAA (D.N.J. October 13, 1988), and is quite familiar with the various issues to be presented and litigated. Further, defendants in this case have pointed out to the court that the amount of litigation in the Eastern District of Virginia is substantially less than in the Eastern District of Texas. These reasons further convince the court the interest of justice would be served by the transfer of this cause to the Eastern District of Virginia.

For the reasons stated above, the question of personal jurisdiction of this court over Heller and Edgette is not reached, and no ruling is necessary. They agree to appear in any suit in Virginia.

In light of the factors discussed above, the court finds that the forum selection

clause tips the balance in favor of transfer of this case to Virginia.

Therefore, it is, ORDERED that defendant's motion to dismiss for improper venue is hereby DENIED.

It is further ORDERED that this case be transferred to the United States District Court for the Eastern District of Virginia.