Zia AZADI, Individually and d/b/a/
Rainbow International,
Plaintiff,

v.

BERRY NETWORK, INC., Defendant.

No. 94 CV 272.

United States District Court,
E.D. Texas,
Beaumont Division.

July 18, 1994.

Mitchell A. Toups, Weller, Green, McGown & Toups, Beaumont, TX, for plaintiff.

Marion Embree McDaniel, Jr., Butler & Binion, Houston, TX, Michael D. Risley, Stites & Harbison, Louisville, KY, for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

SCHELL, Chief Judge.

Before this court is Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), filed on June 21, 1994. Plaintiff's response was timely filed on July 8, 1994. Upon consideration of the motion, response, and attached exhibits and memoranda of law, this court is of the opinion that the motion should be GRANTED as further explained herein.

### BACKGROUND

The facts of this dispute are uncomplicated, and begin with Plaintiff's attempt to purchase yellow-pages advertising for his small carpet-cleaning business from Defendant for a third consecutive year. Plaintiff asserts various claims arising out of the unexpected non-appearance of the advertisement; Defendant generally denies liability on the ground that the application was not received until after the stated deadline for submission had passed.

The instant motion is predicated on Paragraph 11 of the one-page "terms and condi-

tions" on the reverse side of the pre-printed application form. Tracking similar language in the prior two years' applications, the 1993 version reads:

> This is the entire agreement between the parties, all prior oral and written promises having been merged herein, subject to the laws of the State of Ohio. Any litigation arising out of this Agreement shall be filed in either the Federal District Court for the Southern District of Ohio, Western Division of [sic] the Common Pleas Court for Montgomery County, Ohio.

Plaintiff does not disagree with Defendant's contention that forum-selection clauses are to be respected in most circumstances. *See, e.g., M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (ending traditional judicial hostility towards forum-selection clauses). Rather, Plaintiff's response asserts that: 1) Defendant's denial of the existence of a contract precludes invocation of the forum-selection clause; and 2) The "boiler-plate" nature of the clause would make enforcement unjust.

a. The "Metaphysical Question"

■ Plaintiff's first argument, if accepted, would present this court with a curious and vexing paradox. It would appear quite illogical for this court to enforce the clause while Defendant denies the existence of the contract; and yet, the outcome would be equally senseless were this court to allow Plaintiff to maintain his *breach of contract* action here in the face of an unambiguous forum-selection clause.

This court disagrees, however, with Plaintiff's characterization of Defendant as having "unequivocally denied" the existence of a contract. Opp. at 2.[1] While some language in the Answer might be read that way, upon further review it seems more appropriate to characterize Defendant not as denying the existence of an agreement, but rather as denying that the agreement included the pledges which are alleged to have been

breached.[2] The court, having barely escaped that metaphysical conundrum, will therefore proceed.

b. The "Boiler-Plate" Objection

■ After reviewing the agreement at issue, the court does not believe the forum-selection clause to have been so obscure or confusing as to merit its rejection. As stated earlier, the entirety of the "terms and conditions" amounts to only the reverse side of the one-page agreement. The printing font does not appear unfairly small or illegible. The language of the clause is not misleading, nor is it cast in "legalese" terms which might not be understood by a small businessman such as Plaintiff. Plaintiff's argument in this regard is unpersuasive.

c. Section 1404(a) Analysis

■ Having found the forum-selection clause to be *prima facie* valid, the court must now perform the federal common-law analysis mandated by *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). The factors to be considered by this court in evaluating a § 1404(a) motion include:

(1) Plaintiffs' traditional prerogative of forum selection;

(2) The convenience of parties;

(3) The convenience of witnesses; and

(4) The interests of justice.

*See, e.g., Brock v. Entre Computer Centers, Inc.,* 740 F.Supp. 428, 432 (E.D.Tex.1990) (citing *Stewart,* 487 U.S. at 30–31, 108 S.Ct. at 2244–45). This court further notes that, because a forum-selection clause is involved, it should be "a significant factor that figures centrally in the district court's calculus." *Stewart,* 487 U.S. at 29, 108 S.Ct. at 2243.

■ The first factor would clearly point in Plaintiff's favor, but for the forum-selection clause, which at the very least neutralizes it.

---

**1.** *Cf.* Answer at Para. 14 (raising defense that liability *under the contract* is limited to abatement or refund of payment for advertisement).

**2.** Or, put another way, that the failure of a condition of the contract—that the "order form" was not submitted in a timely manner—excused its

obligations under the contract. It is worth noting, of course, that the timeliness issue is one of fact. It is not presently before this court, and holds the potential to remain unresolved until the conclusion of trial.

The second and third factors do not appear to help either party, as both forums are equally inconvenient for the disappointed party.

In the court's opinion, it is the fourth factor which counsels transfer. The forum-selection clause, while not emphasized, is by no means obscured or hidden. When proposed by "mail-order" enterprises such as Defendant, these clauses, presumably included directly in anticipation of litigation, should not be ignored simply in reaction to *post hoc* complaints by dissatisfied customers. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (business' concerns about being subjected to suit in widely-varied jurisdictions are reasonable and forum-selection clauses usually do not unfairly discourage pursuit of legitimate claims); *see also* Charles Everingham IV, "Removal, Waiver, and the Myth of Unreviewable Remand in the Fifth Circuit", 45 Baylor L.Rev. 723, 743 n. 100 (1993) (inclusion of forum-selection clause can be "integral part" of contract formation). Finally, the court notes that it has been presented with no evidence of coercion or fraud regarding Plaintiff's assent to the clause.

While transfer to Ohio is undoubtedly inconvenient for Plaintiff, under the instant facts a mutually-agreeable resolution is impossible. In the absence of a forum-selection clause, this court's conclusion might have been different; nevertheless, under the instant facts, Defendant's motion will be GRANTED.

### CONCLUSION

Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is GRANTED; the clerk is ORDERED to transfer this matter, with all accompanying submissions, to the United States District Court for the Southern District of Ohio, Western Division.