806 F.2d 848
 FARMLAND INDUSTRIES, INC., Appellee,
v.
FRAZIER-PARROTT COMMODITIES, INC., Heinold Commodities,
Inc., DeKalb AgResearch, Inc., Christopher R.
Parrott, Horace Seixas, and John Dunn, Appellants.
 Nos. 86-1849, 86-1910.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 14, 1986.
Decided Dec. 10, 1986.
Rehearing and Rehearing En Banc Denied Feb. 4, 1987.
 
 William J. Nissen, Chicago, Ill., for appellants.
 Alvin D. Shapiro, Kansas City, Mo., for appellee.
 Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 FLOYD R. GIBSON, Senior Circuit Judge.
 
 
 1
 Defendants appeal the district court's[1] order refusing to enforce the forum selection clause in a contract Heinold Commodities, Inc. had with plaintiff. The district court held that the suit was broader than that contemplated by the forum selection clause and refused to dismiss the case. For the reasons stated below we affirm.
 
 BACKGROUND
 
 2
 Plaintiff Farmland Industries, Inc. (Farmland) is an agricultural cooperative corporation. Defendants are Heinold Commodities, Inc. and Frazier-Parrott Commodities, Inc., commodities brokerage firms; DeKalb AgResearch, Inc., the parent corporation of Heinold and Frazier-Parrott; Christopher Parrott and Horace Seixas, employees of Frazier-Parrott; and John Dunn, stepbrother of Seixas (collectively referred to as defendants).
 
 
 3
 On May 8, 1985 Farmland opened two commodities futures trading accounts with Heinold. An agreement was signed which contained the following forum selection clause:
 
 
 4
 The undersigned ("Customer") agrees to bring any judicial action, including any complaint, counterclaim, cross-claim or third party complaint, arising directly, indirectly, or otherwise in connection with, out of, related to or from this Agreement or any transaction covered hereby or otherwise arising in connection with the relationship between the parties including any action by Customer against Heinold or any person who is an officer, agent, employee or associated person of Heinold at the time the cause of action arises, only in courts located within Cook County, Illinois, unless Heinold voluntarily in writing expressly submits to another jurisdiction....
 
 
 5
 This suit arose out of activities Farmland alleges occurred prior to May 5, 1985. In its pleadings Farmland alleges that one of its employees, Ernest Pierce, entered into a kickback scheme with Christopher Parrott, Horace Seixas, and John Dunn, whereby Pierce would receive three dollars for every closed contract on Farmland's commodities account. Farmland also alleges that a sham corporation was created to receive the kickbacks and that favorable commodities contracts of Farmland were transferred to an account set up for the sham corporation.
 
 
 6
 Farmland filed suit in the Western District of Missouri alleging fraud, breach of fiduciary duty, and violations of the Securities Act of 1933, the Securities Exchange Act of 1934, the Commodity Exchange Act, and the Racketeer Influenced and Corrupt Organizations Act. Defendants filed a motion to dismiss the action for improper venue based on the forum selection clause, or in the alternative, to transfer the case to the United States District Court for the Northern District of Illinois. Both motions were denied.
 
 
 7
 The district court held that a transfer was improper because defendants had not made a clear showing that the balance of interests weighed in favor of transfer. The motion to dismiss was denied because the suit involved not only Heinold and individuals associated with Heinold, but also others outside the scope of the forum selection clause.
 
 DISCUSSION
 I. Jurisdiction
 
 8
 At the outset we are faced with the question whether the district court's order refusing to apply the forum selection clause is appealable.[2] The United States Code provides that the "courts of appeals * * * shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * * except where a direct review may be had in the Supreme Court." 28 U.S.C. Sec. 1291 (1982). An exception to this rule of finality is the collateral order doctrine. A collateral order is defined as one which "finally determine(s) claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). In Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the Court stated that to "come within the 'small class' of decisions excepted from the finaljudgment rule by Cohen, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Id. at 468, 98 S.Ct. at 2458.
 
 
 9
 Defendants cite Coastal Steel Corp. v. Tilgham Wheelabrator, Ltd., 709 F.2d 190 (3d Cir.), cert. denied, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983), in support of this court's jurisdiction. Farmland argues that Coastal Steel has been so limited by the Third Circuit as to have no value in this case. While we do not completely follow the rationale of Coastal Steel we do agree with the result that a district court's order refusing to apply a forum selection clause is reviewable at this time.
 
 
 10
 The first test for determining reviewability, whether the order conclusively determines the disputed question, is easily satisfied because the district court's refusal to enforce the clause established the law of the case. See Coastal Steel, 709 F.2d at 195. The order also resolved an important issue separate from the merits of the action. The order is important to the parties because it conclusively determines in which jurisdiction the suit must be tried. See In re Cessna Distributorship Antitrust Litigation, 532 F.2d 64, 67 (8th Cir.1976) ("an order is 'too important to be denied review' if it decides a question of special importance to the parties even if the question is not one of general interest"). In order to further judicial economy the issue must also be separate from the merits of the underlying action. In this case appellants appeal the district court's ruling that their suit is broader than the forum selection clause. Our inquiry will go no further than determining whether the allegations made fall under the wording of the clause. Examination of the merits of any of the claims or defenses need not be made. A forum selection clause "establishes a legal right which is analytically distinct from the rights being asserted in the dispute to which it is addressed." Coastal Steel, 709 F.2d at 195.
 
 
 11
 The third test under the collateral order doctrine is whether the issue will be effectively unreviewable on appeal from a final judgment. It has long been the practice of the federal courts to take a practical rather than technical approach to issues under 28 U.S.C. Sec. 1291. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); In re Cessna Distributorship Antitrust Litigation, 532 F.2d 64, 67 (8th Cir.1976). From a practical viewpoint the district court's order denying application of the clause will be unreviewable after final judgment. After a final determination is made on the merits it will be too late effectively to review the present order because the contractual right to trial in Illinois will have been lost. Granted, defendants could raise this issue after a final determination on the merits and possibly gain a new trial in Illinois. However, a Missouri trial and appeal is not what was contemplated by the parties when they signed the contract; what was contemplated is single trial resolution of disputes in Illinois. Denying defendants immediate appeal of this issue will effectively deprive them of a contractual right.
 
 
 12
 In this respect this case is similar to Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964) where a woman brought suit on behalf of herself and two others under the Jones Act and a state wrongful death statute to recover damages caused by her son's death. When the district court disallowed all but the mother's Jones Act claim the Supreme Court found that the order was immediately appealable under 28 U.S.C. Sec. 1291. The Court weighed "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other," Gillespie, 379 U.S. at 152-53, 85 S.Ct. at 310-11, (quoting Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950)), and found that the cost of proceeding with the issues unanswered would be greater than the cost of immediately answering them.
 
 
 13
 In support of its position that the order is not appealable at this time Farmland cites Rohrer, Hibler & Repogle, Inc. v. Perkins, 728 F.2d 860 (7th Cir.), cert. denied, 469 U.S. 890, 105 S.Ct. 265, 83 L.Ed.2d 201 (1984). In this case the Seventh Circuit held that the district court's order denying a motion to remand the case to state court was not final because it could be appealed after final judgment. The problem with this rationale is that it requires the moving party to show that he was prejudiced by the order. In the present case defendants concede that it would be nearly impossible for them to objectively show prejudice. Inasmuch as defendants have a contractual right to an Illinois forum, it would be unjust to require them to prove prejudice before this right will be enforced.
 
 
 14
 Because the present case deals with a contractual forum selection clause, and because an erroneous decision by the district court could result in two complex trials rather than just one, we believe that the order denying application of the clause is an appealable collateral order.
 
 II. Application of Forum Selection Clause
 
 15
 Defendants contend that the district court erred in not dismissing the case pursuant to the forum selection clause. The district court found that the clause was not voided by fraud, did not violate public policy, and that Illinois was a reasonable forum, but refused to dismiss because the suit was much broader than that contemplated by Farmland when it signed the agreement.
 
 
 16
 While we affirm the district court's decision on the scope of the clause, we disagree that neither fraud nor public policy void the clause.
 
 
 17
 Farmland alleges fraudulent acts on the part of the defendants which, if proved, would be sufficient to vitiate the contract and along with it the forum selection clause. Defendants cite several cases holding that fraud will vitiate a forum selection clause only if the inclusion of that clause in the contract was the product of fraud. However, we believe that in a situation where a fiduciary relationship (such as between a commodities broker and its customer) is created by a contract tainted by fraud, the person defrauded can not be held to the contractual forum selection clause. To hold otherwise would be grossly unfair to Farmland because it would force Farmland to comply with an agreement which never would have been made had the existence of the fraud been known.
 
 
 18
 We also believe that consideration should be given to the public policy of Missouri forbidding forum selection clauses. See State ex rel. Gooseneck Trailer Manufacturing Co. v. Barker, 619 S.W.2d 928, 930 (Mo.Ct.App.1981). Defendants cite a recent opinion of this circuit which states that even in diversity cases, forum selection clauses are governed by federal law because they are procedural. Sunworld Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066 (8th Cir.1986). However, this holding was not essential to the outcome because the court had already found that admiralty law was at issue and therefore, under federal common law, the forum selection clause was valid. See The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).
 
 
 19
 Whether a contractual forum selection clause is substantive or procedural is a difficult question. On the one hand the clause determines venue and can be considered procedural, but on the other, choice of forum is an important contractual right of the parties. Because of the close relationship between substance and procedure in this case we believe that consideration should have been given to the public policy of Missouri. See General Engineering Corp. v. Martin Marretta Alumina, 783 F.2d 352, 356-58, (3rd Cir.1986) (forum selection clause interpreted according to state law).
 
 
 20
 As to the scope of the forum selection clause we agree with the district court that the suit is broader than the clause. The court found that
 
 
 21
 [t]his matter involves more than a dispute between plaintiff, Heinold, and those associated with Heinold. Plaintiff has alleged an elaborate scheme of fraud involving not only Heinold and individuals associated with Heinold, but also involving other individuals outside the securities brokerages, sham corporations, and other matters not subject to the agreement between plaintiff and Heinold.
 
 
 22
 Farmland Industries, Inc. v. Frazier-Parrott Commodities, No. 86-0135-CV-W-8, slip op. 7-8 (W.D.Mo. June 17, 1986).
 
 
 23
 The district court stated that Farmland's causes of action do not all arise directly or indirectly from the agreement and that Farmland could not have anticipated having to litigate these claims in Illinois. The court also found that Farmland's multiple claims were not intended to evade the forum selection clause. We agree.
 
 
 24
 Defendants argue that even if we find the suit to be broader than the clause, the clause should still be enforced to the extent it applies. In support of this position defendants cite Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). In this case the court held that the "Arbitration Act [9 U.S.C. Sec. 1 et seq. (1982) ] requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." Id. at 217, 105 S.Ct. at 1241. The court stressed the fact that the Arbitration Act is mandatory; the district court must order arbitration on issues covered by an arbitration agreement even if this involves severing a lawsuit. However, in the present case there is no mandatory federal statute. Absent the strong policy of the Arbitration Act, we see no reason to require piecemeal resolution of this case. The district court found that under the circumstances enforcement of the forum selection clause would not be reasonable. We can not say that this was an abuse of discretion. See Sun World Times, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1068 n. 3 (8th Cir.1986).
 
 CONCLUSION
 
 25
 Because we hold that 1) the district court's order is appealable; 2) the suit is broader than the forum selection clause; and 3) the district court did not abuse its discretion in refusing to sever the claims, we affirm the district court's order denying defendant's motion to dismiss.
 
 
 
 [1]
 The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri
 
 
 [2]
 There is no dispute whether the district court's order denying a transfer pursuant to 28 U.S.C. 1404(a) is appealable at this time. Clearly, it is not. See Wilkins v. Erickson, 484 F.2d 969, 971 (8th Cir.1973)