

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00102-CV

_____

JOHNNY E. WEBB, III, Appellant

V.

ALEX RODRIGUEZ, ET AL., Appellee

_____

On Appeal from the 95th District Court
Dallas County, Texas
Trial Court No. DC-14-09393

_____

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Claiming a breach of the Uniform Purchase Agreement, under which the members of Diversegy, LLC, sold their ownership interests to Shuck Holdings, LLC, and its parent company, IDT Energy, Inc.—Johnny E. Webb, III, one of the sellers, filed suit in Dallas County,[1] contrary to the Agreement's forum selection clause, against his fellow sellers, Alex Rodriguez, Cesar Garcia, Diversegy, LLC, Lucien J. Tujague, Jr., Dominion Gas Holdings, LP, and Nicholas Gallagher, and against the buyers, Shuck and IDT. The defendants are collectively called "Rodriguez" in this opinion. Rodriguez asked the trial court to transfer venue or to dismiss Webb's action based on the Agreement's forum selection clause.

After a hearing, the trial court dismissed Webb's lawsuit without prejudice to the refiling of same in state or federal court in Essex County, New Jersey, the forum specified in the Agreement. We affirm the trial court's judgment because (1) the forum selection clause is enforceable against Webb, (2) Webb's complaint regarding the Rodriguez affidavits is not preserved for our review, and (3) dismissal was the proper remedy.

*(1)     The Forum Selection Clause Is Enforceable Against Webb*

The Agreement contains the following forum selection clause applicable to each party to the agreement

> Each of the Parties submits to the exclusive jurisdiction of the state or federal courts
> located in Essex County, New Jersey, in any action or proceeding arising out of, or
> relating to, this Agreement, agrees that all claims in respect of the action or

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

proceeding may be heard and determined in any such court and agrees not to bring any action or proceeding arising out of, or relating to, this Agreement in any other court. Each of the Parties waives any defense of inconvenient forum to the maintenance of any action or proceeding so brought and waives any bond, surety or other security that might be required of any other Party with respect thereto.

Webb's lawsuit alleges breach of contract, conversion, fraud, misrepresentation, and breach of fiduciary duty. These claims are premised on allegations that others who sold their respective interests in Diversegy to Shuck (defendant sellers) concealed over $250,000.00 in debts owed to Webb, refused to pay Webb funds they received for the purchase of his shares, and refused to provide Webb with a copy of the Agreement, among other things.

Rodriguez' motion to transfer or dismiss asserted that Webb's lawsuit must be brought in Essex County, New Jersey, because his claims arose out of, or were related to, the Agreement and because Webb was bound by the Agreement's forum selection clause. Webb's response to Rodriguez' motion alleged that Webb "did not authorize or agree to the contract and it is therefore not enforceable against [him]." Rodriguez's reply brief, filed on the day of the dismissal hearing, attached the affidavits of three witnesses who stated that they saw Webb sign the Agreement.

After the hearing, at which Webb claimed that he did not sign the Agreement, the trial court dismissed Webb's lawsuit without prejudice to its refiling in Essex County, New Jersey.

Webb first claims that, because he did not sign the Agreement, the forum selection clause is not enforceable against him.

"'A motion to dismiss is the proper procedural mechanism for enforcing a forum-selection clause that a party to the agreement has violated in filing suit.'" *Chandler Mgmt. Corp. v. First Specialty Ins. Corp.*, 452 S.W.3d 887, 891 (Tex. App.—Dallas 2014, no pet.) (quoting *Phoenix*

3

*Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 610 (Tex. App.—Houston [1st Dist.] 2005, no pet.)). Enforcement of a forum selection clause is "mandatory unless the party opposing enforcement 'clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (orig. proceeding) (per curiam) (quoting *In re AIU Ins. Co.*, 148 S.W.3d 109, 112 (Tex. 2004) (orig. proceeding)); *In re Cornerstone Healthcare Holding Grp., Inc.*, 348 S.W.3d 538, 540 (Tex. App.—Dallas 2011, no pet.) ("Forum-selection clauses are generally enforceable and presumptively valid.").

We review for an abuse of discretion a trial court's grant of a motion to dismiss. *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 709 (Tex. App.—Dallas 2010, no pet.). Abuse of discretion occurs if the ruling is arbitrary or unreasonable, that is, if it is made without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). There is no abuse of discretion when the court's decision is based on conflicting evidence, some of which reasonably supports the decision. *RSR Corp.*, 309 S.W.3d at 709.

Webb relies on *Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258, 262 (Tex. App.—Austin 2010, pet. dism'd), for the proposition that "the party seeking to enforce a contractual forum-selection provision has the initial burden of establishing that the parties entered into an agreement to an exclusive forum." *Id*. Webb contends that Rodriguez did not meet this burden because, in the absence of proof that Webb signed the Agreement, there is no showing that Webb entered into an agreement to an exclusive forum. Webb further contends that his amended petition placed Rodriguez on notice that he did not sign the Agreement.

4

The amended petition alleges, "Defendant Sellers failed to get the authorization of Plaintiff and other sellers to allow the sellers' representative to act on their behalf." It further alleges, "The sellers' representative was purportedly authorized to act on behalf of the sellers. However, there is no document that purports to show such authorization by the sellers." While these allegations question the authority of the sellers' representative to act on Webb's behalf, they do not state or imply that Webb did not sign the Agreement.

Rodriguez does not dispute Webb's claim that Rodriguez bore the initial burden to show that the parties entered into the Agreement containing the forum selection clause. Rodriguez claims, however, that such burden was satisfied when Webb attached a fully executed copy of the Agreement to his original petition. The Agreement's "Signature Page to Unit Purchase Agreement" includes a signature line for "Johnny Webb." A signature which purports to be Webb's appears on the signature line for "Johnny Webb."

In addition to attaching a fully executed copy of the Agreement to his original petition, Webb's petition contains allegations indicating that he was a party to the Agreement. Webb alleged that he was "one of the founders and sellers of Diversegy, LLC, the company sold in the sales transaction at issue in this matter." As a seller, Webb alleged that he was entitled to share in certain payments from Shuck under the Agreement. Webb claimed that "the purchase agreement provides that in addition to the purchase monies described above, the sellers which also include [Webb], are to receive 'contingency payments' based on monthly revenue, after the closing, on existing and renewed accounts." Webb further alleged that "defendant sellers" misrepresented

5

material facts concerning the debts and liabilities of Diversegy, including the debts owed to Webb, thereby increasing the value of the company.

With regard to the breach of contract claim, Webb alleged,

Sellers breached the purchase agreement by refusing to compensate [Webb] for the sale of his ownership shares . . . . [and] breached the "waterfall" provisions contemplated by the purchase agreement by failing to designate debts [or] designate and identify the bank account receiving the purchase monies, and by failing to pay all debts (including Plaintiff) before paying themselves.

In his last cause of action for breach of fiduciary duty, Webb claimed that "defendant sellers" "had an obligation of loyalty to the joint concern and of the utmost good faith, fairness and honesty in their dealings with [Webb] as a fellow seller, member, and partner." Webb's petition failed to allege that he did not sign the Agreement. On the contrary, Webb affirmatively stated that he was a seller under the Agreement. Webb attached an executed copy of the Agreement to his Original Petition, as well as an affidavit verifying that the allegations and information in his lawsuit were true and correct. Webb cannot assert that Rodriguez is liable to him for damages flowing from a breach of the Agreement while simultaneously claiming that the forum selection clause does not apply to those claims. *See In re Lisa Laser USA, Inc*., 310 S.W.3d 880, 886 (Tex. 2010) (orig. proceeding) (per curiam) ("HealthTronics cannot claim that Lisa Germany has obligations to HealthTronics under the Distribution Agreement and simultaneously claim that the forum-selection clause does not apply to those claims.").

Therefore, Rodriguez satisfied his initial burden to show that the parties agreed to an exclusive forum. *See Automated Collection Tech., Inc*., 156 S.W.3d at 559; *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 675 (Tex. 2009) (orig. proceeding) (per curiam) (party attempting

6

to show forum selection clause should not be enforced bears heavy burden). In this circumstance, the trial court appropriately exercised its discretion to conclude that the forum selection clause was valid and enforceable against Webb.[2]  *See Automated Collection Techs., Inc.*, 156 S.W.3d at 559.

*(2)      Webb's Complaint Regarding the Rodriguez Affidavits Is Not Preserved for Our Review*

On September 23, 2014, the day of the dismissal hearing, Rodriguez filed a reply brief supporting the dismissal motion. To the brief were attached three affidavits, which we will call the Rodriguez affidavits. Each affiant claimed to have seen Webb sign the Agreement.[3]  Webb complains that the trial court erred in relying on the Rodriguez affidavits without first providing him an opportunity to respond with his own affidavit.[4]

Webb's complaint that he was not provided an opportunity to respond in kind to the Rodriguez affidavits before the issuance of the trial court's dismissal order has not been preserved

---

[2]Webb also contends that the trial court's dismissal was improper under Section 15.020 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.020 (West Supp. 2014). "A forum-selection agreement is one that chooses another state or sovereign as the location for trial, whereas a venue-selection agreement chooses a particular county or court within that state or sovereign." *In re Brown*, 441 S.W.3d 405, 408 (Tex. App.— Dallas 2013, orig. proceeding) (citing *Ramsay v. Tex. Trading Co.*, 254 S.W.3d 620, 627 (Tex. App.—Texarkana 2008, pet. denied)). Because this case involves a forum selection clause rather than a venue provision, we do not analyze the propriety of the trial court's decision in light of the venue statute.

[3]The first stated, "All of the Sellers except Mr. Gallagher, Mr. Boss, Mr. Garcia and Debra Aaron on behalf of D Aaron Holdings, LLC, attended the signing party and executed the same signature page signed by Mr. Gallagher. Johnny E. Webb, III, was present for the signing party, and signed the Agreement in my presence and in the presence of the other Sellers who attended the signing party." The second affiant testified that "All of the Sellers except Mr. Gallagher, Mr. Boss, Mr. Garcia and Debra Aaron . . . , attended the signing party and executed the same signature page. Johnny E. Webb, III, plaintiff in the above-styled action, was present for the signing party and signed the Agreement in my presence and in the presence of the other Sellers who attended the signing party." The final affiant testified, "On December 5, 2013[,] . . . I personally witnessed Johnny Webb sign the Unit Purchase Agreement as a member of Diversegy."

[4]In support of this point of error, Webb relies on *Ruiz v. Conoco, Inc*., 868 S.W.2d 752, 758–59 (Tex. 1993) (appellate court must review entire record to determine whether venue proper in ultimate county of suit). Because *Ruiz* is a venue case decided pursuant to Section 15.064(b) of the Texas Civil Practice and Remedies Code, it does not apply here, as this case involves a forum selection clause.

for our review. At the hearing, Rodriguez plainly relied on the affidavit evidence stating, "[O]ur reply brief contains three affidavits attesting to the fact that Mr. Webb was present and signed the unit purchase agreement in front of these three individuals." The three affidavits were discussed variously throughout the hearing. Webb never objected to the filing of the affidavits on the date of the hearing and did not request a continuance for the purpose of filing a counter-affidavit.

To preserve a complaint for appellate review, a party must, on the record, present a timely request, objection, or motion, state the specific grounds therefor and obtain a ruling from the trial court. *See* TEX. R. APP. P. 33.1; *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex. 1988) (failure to object or request continuance waives error when trial court considers matters party did not believe would be considered at hearing). Webb failed to preserve this complaint for appellate review.[5]

---

[5]On October 8, 2014, Webb filed a motion for reconsideration, to which he attached his own affidavit stating that he did not sign the Agreement, did not authorize his signature on the Agreement, and did not attend a signing party. Webb also attached the affidavit of another person who allegedly participated in the signing party, as well as the affidavit of a purported handwriting expert who questioned the authenticity of Webb's signature on the Agreement. These affidavits were discussed and called to the trial court's attention at the hearing on Webb's motion for reconsideration. Although the trial court's dismissal order states that the trial court considered the Rodriguez affidavits, its decision was proper regardless of those affidavits.

*(3)    Dismissal Was the Proper Remedy*

Webb complains that the trial court erred when it "dismissed the case to New Jersey" because it lacked statutory authority to transfer the case out-of-state. We overrule this point of error because it is based on a flawed premise. The trial court did not transfer Webb's case to New Jersey. Instead, the trial court dismissed the lawsuit without prejudice to the refiling of same in Essex County, New Jersey. When a trial court finds a valid and enforceable forum selection clause, dismissal is the proper procedural remedy. *See Chandler Mgmt. Corp.*, 452 S.W.3d at 891.

Additionally, Webb is not in a position to complain about the propriety of the procedural mechanism employed here. The trial court specifically asked Webb if he would prefer to have the case transferred to New Jersey or dismissed without prejudice to the right of refiling in New Jersey. Webb indicated that he believed a dismissal without prejudice was the proper way to handle the matter.

We affirm the trial court's judgment.


                                        Josh R. Morriss, III
                                        Chief Justice


Date Submitted:      May 11, 2015
Date Decided:        June 3, 2015

9